IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-00026-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMEY AMECHE OWENS | ORDER |

This matter is before the court on defendant's appeal from the pretrial detention orders of Magistrate Judge Robert T. Numbers, II. (DE # 33.) The government filed a response in opposition. (DE # 38.) Defendant did not file a reply.[1]

## I. BACKGROUND

In January 2020, the grand jury charged defendant with possession with intent to distribute a quantity of heroin and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) ("Count One"); possession of firearms in furtherance of the drug trafficking crime charged in Count One in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924. In March 2020, defendant was arrested, and at his initial appearance before the court, the government moved for defendant's detention pending trial. Shortly thereafter, the United States Probation Office ("USPO") filed a pretrial services report summarizing defendant's background and criminal history, assessing defendant's risks of nonappearance and danger, and recommending defendant's release on conditions. (DE # 17.) Defendant then appeared (via videoconference) before Judge Numbers for his detention hearing. Judge Numbers permitted counsel to proffer evidence and to make arguments. At the

---

[1] The court informed defendant that he may file a reply within 10 days of the government's response. (See 5/29/20 Order, DE # 36.)

conclusion of the hearing, Judge Numbers found "the Government has shown by clear and convincing evidence that there are no conditions [he] can impose that would reasonably assure the safety of any other person [and] the community pending the outcome of the case," and therefore, he granted the government's motion for detention. (4/7/20 Tr., DE # 25, at 16.) He memorialized the ruling in a written order. (DE # 16.)

About one month later, defendant filed a combined "emergency" appeal from this order and motion for release. (DE # 19.) Because defendant appeared to rely on information not known to him at the time of the detention hearing, the court found his filing should be considered as a motion to reopen the detention hearing under 18 U.S.C. § 3142(f), which Judge Numbers should decide. (5/8/20 Order, DE # 21, at 1-2.) Judge Numbers promptly set the matter for hearing and notified the parties that they "may present new evidence (preferably by proffer) that was not presented at the original detention hearing." (5/11/20 Order, DE # 23.) Additionally, he directed the Wake County Sheriff (or his designee) to appear at the hearing to address certain issues concerning defendant's conditions of confinement at the Wake County Detention Center. (Id.) Prior to the hearing, the government filed a response as well as nurse's notes summarizing defendant's medical care and an affidavit from the Director of Detention Services for the Wake County Sheriff's Office. (DE # 27.)

On 15 May 2020, Judge Numbers held the hearing on the motion to reopen. The parties proffered evidence and defendant made statements about his medical care.[2] After the parties' arguments, Judge Numbers took the matter under advisement. Three days later, he denied defendant's motion. (5/18/20 Order, DE # 30.) In reaching this decision, Judge Numbers

---

[2] Although designees of the Wake County Sheriff and the case agent appeared at the hearing, and defendant's proposed third-party custodian was available by telephone, only the medical doctor (one of the designees) made a statement during the hearing. (See 5/15/20 Tr., DE # 37, at 24, 26, 27, 30.)

2

evaluated defendant's motion under the three statutory provisions on which defendant relied—18 U.S.C. § 3142(c), (f), and (i). In short, he determined § 3142(c), the provision concerning conditions the court may impose on release, "does not provide an avenue to reopen [defendant's] detention hearing or release him from custody." (Id. at 2.) Also, he concluded none of the issues defendant raised "have any bearing on whether conditions exist that will reasonably ensure that he will not pose a danger to the community if released" and therefore defendant had not made the showing § 3142(f) requires to reopen the detention hearing. (Id. at 3.) Finally, he found that defendant had not shown a compelling reason to justify his temporary release under § 3142(i). (Id. at 13.)

On 22 May 2020, defendant filed this appeal from both of Judge Numbers' orders.[3] The court ordered an expedited transcript of the 15 May 2020 hearing,[4] ordered the government to file a response to the appeal, and permitted defendant to file a reply brief. (5/29/20 Order, DE # 36.) The government timely filed its response, opposing defendant's release.

## II. DISCUSSION

Defendant seeks review of his detention under 18 U.S.C. § 3145. That statute permits a person who a magistrate judge orders detained to file a motion for revocation of that order. 18 U.S.C. § 3145(b). On such a motion, the court conducts a *de novo* review of detention. United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1985). The court "must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted).

> Section 18 U.S.C. § 3142(e) of the Bail Reform Act, which governs release or detention pending trial, dictates that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the

---

[3] Although defendant states he appeals both orders, (DE # 33, at 1), he does not challenge Judge Numbers' decision not to reopen the detention hearing or temporarily release him.
[4] By this time, the transcript of the 7 April 2020 hearing had been filed.

appearance of the person as required, and the safety of any other person and the community," such court shall order the detention of the person before trial. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id. With respect to a defendant's dangerousness as a basis for detention, the government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f).

In certain cases, a rebuttable presumption of detention arises as a matter of law, including when the judge finds there is probable cause to believe a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A), (B).

> In order to rebut the presumption, the defendant must produce "some evidence" to the contrary. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds*, *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). In other words, the defendant bears the burden of producing probative, credible evidence to rebut the presumption and support his contention that he will appear in federal court when required and that he does not pose a danger to the safety of the community.
> 
> The § 3142(e) presumption imposes on the defendant only the burden of production of proof. It does not also shift to him the ultimate burden of persuasion concerning the risk of flight and danger to community safety. Rather, the Government at all times retains the burden of persuasion. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). Upon the defendant's introduction of evidence in support of his release, the statutory presumption in favor of detention does not vanish, but retains evidentiary weight and remains as one factor to be considered. The Court may take into consideration the legislative finding by Congress that persons who commit drug-trafficking offenses pose a special risk of flight and a special danger to the safety of the community. *See United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989).

United States v. Tyson, No. 7:11-CR-105-3-F, 2011 WL 4443253, at *1 (E.D.N.C. Sept. 23, 2011).

Here, based on the offenses charged in Counts One and Two, defendant acknowledges there is a presumption of detention. (See Appeal, DE # 33, at 2.) However, the government does not dispute that defendant has rebutted the presumption. (See Resp., DE # 38, at 10.) Also, the government does not argue defendant should be detained because he poses a flight risk. Rather, based on the offense conduct, the strength of the evidence, defendant's criminal history, and the nature and seriousness of the danger posed to the community, the government contends there are no conditions, or combination thereof, to reasonably assure the safety of the community. To support his release on conditions, defendant emphasizes that the USPO recommends release, he has proposed suitable third-party custodians, his criminal record is "stale," and he has serious medical conditions which are not being adequately treated by Wake County authorities and which place him at a higher risk of developing severe illness from COVID-19. Considering the entire record, including the pretrial services report, transcripts of the two hearings before Judge Numbers, the evidence proffered/submitted in conjunction with those hearings, and the parties' briefs, the court agrees with Judge Numbers that defendant's pretrial detention is warranted.

In reaching this conclusion, the court first considers the nature and circumstances of the offenses charged. Each offense involves controlled substances, firearms, or both. Defendant faces a significant term of imprisonment if convicted. The charges originate from a controlled buy from defendant at his residence and the subsequent execution of a search warrant. In various locations throughout defendant's residence, law enforcement found multiple controlled substances, firearms, ammunition, a bulletproof vest, and a significant amount of cash, among other things indicative of drug trafficking. In the car outside, to which defendant had directed

the officers, they located a firearm and a bag of heroin.  Defendant allegedly engaged in drug trafficking from his residence unbeknownst to his live-in girlfriend.  The court finds the nature of the charges and these circumstances are serious, and thus, they weigh in favor detention.

Next, the court considers the weight of the evidence against defendant.  As noted, law enforcement conducted a controlled buy from defendant, and numerous items supporting the charges were found throughout his residence as well as in a car outside the residence.  Defendant wrote a statement taking responsibility for those items.  Therefore, the evidence against defendant is very strong and weighs in favor of detention.

Third, the court considers defendant's history and characteristics, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  18 U.S.C. § 3142(g)(3)(A).  Defendant is 49 years old and has lived in Henderson, North Carolina for 28 years.  His girlfriend, sister, and a surrogate parent reside in the community.  He reports self-employment as a barber.  Defendant has medical conditions which require ongoing treatment and medication.  One or more of the medical conditions puts him at an increased risk of severe illness from COVID-19, whose spread is particularly concerning in detention facilities.[5]  Defendant's community ties, employment, and serious medical conditions weigh in favor of release.  However, counteracting that weight is the fact that defendant has had these medical conditions for some time, and as Judge Numbers recognized, "they didn't prevent him from engaging in [very serious drug-related and firearm-related] activities."  (4/7/20 Tr., DE # 25, at 15.)

---

[5] Defendant has recently been transferred to the Bladen County Jail.  (See Mot. Extend, DE # 39, at 2.)  The court has no information about the current COVID-19 situation there or the medical care defendant is receiving.

6

Case 5:20-cr-00026-BR   Document 41   Filed 07/09/20   Page 6 of 8

Defendant has a significant criminal history. He has four prior felony convictions, three of which involve the distribution of controlled substances. He also has multiple controlled substance-related misdemeanor convictions. Furthermore, on multiple occasions, defendant's probationary sentence has been revoked, and custody imposed, for engaging in new criminal conduct. Although defendant's last conviction was six years ago, and his last probation violation was nearly nine years ago, it is significant that he repeatedly engaged in drug activity despite incarceration and did not perform successfully on supervision. This history weighs in favor of detention.

Finally, the court considers the nature and seriousness of the danger to the community posed by defendant's release. Defendant was allegedly trafficking various drugs out of his home, with many firearms and a bulletproof vest for apparent protection. Defendant purportedly was able to conceal his activities from his live-in girlfriend and to conduct them while suffering from serious medical conditions. These activities pose a real danger to the community. This danger will not be alleviated if defendant were released, as he proposes, to his surrogate parent, Claude Williams, on home detention. Defendant could just as easily distribute drugs out of Mr. Williams' home without his knowledge.

Weighing all the factors, the court finds that Judge Numbers' assessment of the government's motion for detention was correct.

### III.  CONCLUSION

The court concludes that the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the

community.  The court will not revoke Judge Numbers' detention order.

This 9 July 2020.

_____
W. Earl Britt
Senior U.S. District Judge