IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-cr-00026-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | (UNDER SEAL) |
| JAMEY AMECHE OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

On February 9, 2023, Defendant Jamey Ameche Owens ("Owens") filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 115]. Owens later filed, through counsel, a memorandum supporting his request for release [DE 118]. The United States responded in opposition on April 17, 2023 [DE 126]. Owens then moved to expedite the court's consideration of his motion [DE 126], which the United States opposed [DE 127].

On April 15, 2024, Owens filed supplemental briefing [DE 131] updating the court regarding his current medical condition. This filing reported that his chronic kidney disease ("CKD") has reached Stage 5. *Id.* at 1. In response to Defendant's report, the court ordered supplemental briefing on the question whether the diagnosis of Stage 5 CKD constitutes an "extraordinary and compelling reason" under § 1B1.13(b)(1)(A) of the Sentencing Guidelines.

On June 20, 2024, the United States filed a supplemental brief. DE 135. The United States reported that Defendant has refused medical treatment, including dialysis, on numerous occasions during the past year. *Id.* at 1–3. BOP is reportedly determining whether dialysis is medically necessary and the appropriate manner in which BOP can provide such treatment. *Id.* at 4. The

United States indicates it opposes compassionate release based on Defendant's Stage 5 CKD. *See id.* at 6–10. Owens responded on July 17, 2024 disputing his alleged refusal for hemodialysis and indicating his imminent need of dialysis in light of his end-stage renal disease. DE 137.

Upon a defendant's motion, a district court may reduce the defendant's term of imprisonment if (1) thirty days have elapsed from the receipt of the defendant's request that the warden of the defendant's facility move for compassionate release on his behalf; (2) extraordinary and compelling reasons and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a reduction; and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Davis*, 99 F.4th 647, 653–54 (4th Cir. 2024).

The relevant policy statement issued by the Sentencing Commission outlines a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G.]. As relevant here, circumstances presenting "extraordinary and compelling reasons" include where a defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)," including for example "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *See id.* § 1B1.13(b)(1)(A). The Sentencing Commission also advises that, to qualify for relief, the defendant must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See id.* § 1B1.13(a)(2).

The court may deny a defendant's motion for compassionate release based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331–32. "A defendant seeking relief under

§ 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted." *United States v. Bryant*, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

Owens maintains that he suffers from several serious medical conditions which BOP has failed to timely address, leading to his current state of physical infirmity. *See, e.g.*, DE 118 at 5–8 (describing his inability to obtain diabetic shoes, leading to recurrent foot ulcers and deformity). Most significantly, Owens asserts that he suffers from CKD that has recently reached Stage 5. DE 131 ¶ 2. His progression to end-stage CKD "likely" requires him to receive dialysis to continue living, DE 131-2 at 9; DE 131 ¶¶ 2, 5(a), although a final determination regarding the need for such treatment is pending, DE 135 at 3. "Judges routinely find 'end-stage renal disease' qualifies as end-stage organ disease in the Sentencing Guidelines policy statement." *See United States v. Salley*, 2022 WL 267895, at *5 (E.D. Pa. Jan. 27, 2022) (collecting cases); *United States v. Cotinola*, 487 F. Supp. 3d 1132, 1136 (D.N.M. 2020).

The United States argues that Stage 5 CKD is not a "terminal illness" under the plain language of § 1B1.13)(b)(1)(A) "while he is successfully undergoing treatment." DE 135 at 7. While the Commission specifically lists "end-stage organ disease" as an example of a qualifying terminal illness under the statement, *see* § 1B1.13(b)(1)(A), the court need not determine that Stage 5 CKD is an "end-stage" organ disease or that he can sufficiently demonstrate extraordinary and compelling reasons for relief under § 1B1.13(b)(1)(A). Assuming that Owens's end-stage CKD qualifies as an extraordinary and compelling reason for a sentence reduction, the 3553(a) factors counsel against a sentence reduction.

The nature and circumstances of the instant offense are serious. Owens possessed several firearms in multiple locations to further his drug trafficking activities. DE 93 ¶ 9. At the time of his arrest, he had 20 grams of cocaine, 81 bags of heroin, 271 grams of marijuana, and 22 tablets

3

of suspected ecstasy. *Id.* He also had two .22 caliber firearms, a 12-gauge shotgun, a revolver with an obliterated serial number, and a ballistic vest. *Id.* He has numerous convictions for felony drug trafficking, drug possession, larceny, and resisting law enforcement, among other things. *Id.* ¶¶ 15–35. He has a significant history of committing new crimes while on probation. *See id.* ¶¶ 19–21, 23, 29, 31. At sentencing, the court recognized his mobility issues and poor physical health and granted a significant variance based on those factors. His current sentence reasonably captures "the nature and circumstances of the offense[s] and the history and characteristics of the defendant" as well as the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(1) & (2)(A).

Owens maintains that a sentence reduction "would not diminish the seriousness of the offense, respect for the law, or the goal of providing just punishment" for various reasons. DE 118 at 14. He argues his physical health and mobility issues have incapacitated him. DE 118 at 14. Due to his physical infirmity, he "has become a target for other inmates," which has "caused him anxiety and depression." *Id.* at 15. He has no infractions and maintains a "low-level risk for both recidivism and violence," according to his January 4, 2023 risk assessment. *Id.* at 15–16. He has completed a 14-hour drug abuse education course and an investing course. *Id.* at 15. He has attempted to complete several other courses but allegedly cannot access the educational site due to his mobility issues. *Id.* at 15.

The court rejects Owen's core position that reducing his sentence based on his physical infirmity, mental health, recidivism level, and inability to fully engage with programming "would not diminish" the goals of his sentence. His medical records indicate that he has consistently refused to receive medical treatment, even when his CKD was advancing to Stage 5 and when he was vomiting blood for approximately a year. *See, e.g.*, DE 135-1 at 33, 40, 43–44, 46–47.

4

According to a medical provider, "he has been noted to change his story between different provider interviews throughout his hospital stay." *Id.* at 52. Moreover, Owens has indicated that his refusals are based in part on his "legal matters/has to do with release!" *Id.* at 46. Based on his history of denying and impeding medical treatment to strengthen his release claim, a sentence reduction would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Owens also states that his recidivism projection is low, and if he were released, he would live and work in Henderson again with the support of several friends and in compliance with his release conditions. *See* DE 118 at 15–17. However, his offenses occurred at his residence in Henderson. *See* DE 93 ¶¶ 8–9. Many of his previous offenses occurred in Henderson. *See id.* ¶¶ 15–35. As noted above, he also has a significant history of violating his release conditions while on probation. *See id.* ¶¶ 19–21, 23, 29, 31. Reducing his sentence based on his proposed release plan would undermine the need "to afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(B)–(C).

In sum, the court assumes without deciding that Stage 5 CKD constitutes an extraordinary and compelling reason for a sentence reduction. However, Owen has failed to show that such a sentence reduction would align with the 3553(a) factors. Accordingly, Owens's motion for compassionate release [DE 115] is DENIED. His motion to expedite the court's ruling [DE 126] is DENIED as MOOT.

SO ORDERED this 29th day of July, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE